UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE ANDERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>OPTUM SERVICES, INC.,<br><br>    Defendant. | Case No. 1:24-cv-00535-KES-CDB<br><br>ORDER GRANTING DEFENDANT'S MOTION TO STAY CASE PENDING RULING ON MOTION TO COMPEL ARBITRATION<br><br>(Doc. 11) |

Pending before the Court is the motion of Defendant Optum Services, Inc. ("Defendant"), to stay this case (Doc. 11) pending resolution of a separate motion to compel arbitration (Doc. 10). Defendant filed its motion to stay on September 25, 2024. (Doc. 11). Plaintiff did not file an opposition or statement of non-opposition. *See* (Doc. 13). For the reasons set forth below, the Court shall stay proceedings in this action until the Court rules on Defendant's motion to compel arbitration.

**I.     Background**

On March 20, 2024, Plaintiff initiated this action with the filing of a complaint in Los Angeles County Superior Court, alleging 11 causes of action related to her former employment by Defendant. *See* (Doc. 1-2). Defendant removed the action to this Court on May 6, 2024. (Doc. 1). On September 25, 2024, Defendant filed the currently pending motion to compel arbitration. (Doc. 10). That same day, Defendant filed its motion to stay the case pending ruling on the motion to compel arbitration. (Doc. 11).

**II.    Standard of Law**

"[T]he power to stay proceedings is incidental to the power inherent in every court to

control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Lockyer v. Mirant Corp*, 398 F.3d 1098, 1109 (9th Cir. 2005).  In granting and lifting stays, a court must weigh "the length of the stay against the strength of the justification given for it." *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000).  "If a stay is especially long or its term is indefinite, [courts] require a greater showing to justify it." *Id*.

In considering whether to grant a stay, this Court must weigh several factors, including "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55).  A stay may be warranted in deference to ongoing, parallel proceedings "regardless of whether the separate proceedings are 'judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.'" *Scottsdale Indemnity Co. v. Yamada*, No. 1:18-cv-00801-DAD-EPG, 2019 WL 7601833, at *3 (E.D. Cal. Jan. 10, 2019) (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979)). "[I]f there is even a fair possibility that the . . . stay will work damage to someone else, the party seeking the stay must make out a clear case of hardship or inequity." *Lockyer*, 398 F.3d at 1112.

**III.     Discussion**

   **1.     The Possible Damage That May Result from Granting a Stay**

Defendant argues that Plaintiff will not suffer harm if a stay is granted pending the district court's ruling on its motion to compel arbitration, even if the motion to compel arbitration is denied, since the stay is temporary.  (Doc. 11 at 6-7).

"[A] plaintiff may be able to show prejudice by citing particular witnesses or documents that may be adversely affected by a stay." *Eberle v. Smith*, No. 07-CV-0120 W(WMC), 2008 WL 238450, at *3 (S.D. Cal. Jan. 29, 2008) (imposing stay where Plaintiff did not show with any particularity which witnesses or evidence would be lost during the pendency of an interlocutory

2

appeal); *see Echevarria v. Aerotek, Inc.*, No. 16-cv-04041-BLF, 2019 WL 3207812, at *4 (N.D. Cal. July 16, 2019) (granting stay after three years of litigation where plaintiff did not identify any particular witnesses or documents that may be adversely impacted); *Murphy v. DirecTV, Inc.*, No. 2:07-cv-06465-FMC-VBKx, 2008 WL 8608808, at *3 (C.D. Cal. July 1, 2008) (discounting alleged prejudice of risk of lost evidence as speculative).

Plaintiff failed to oppose Defendant's motion and, therefore, has identified no resulting harm that may result from a stay. Accordingly, the Court finds that Plaintiff has not demonstrated sufficient prejudice to warrant denial of a stay. *Cf. Miles v. Tug*, No. 2:18-cv-02860-DAD-AC, 2022 WL 16739566, at *3 (E.D. Cal. Nov. 7, 2022) ("the issuance of the stay will not substantially injure plaintiff, and plaintiff's arguments to the contrary – delay and fading memory of key witnesses – are not availing.")

**2.   The Hardship or Inequity That a Party May Suffer from Being Required to Move Forward**

Defendant claims that it would suffer irreversible prejudice absent a stay in this action given that the claims that otherwise are subject to discovery may be compelled to arbitration. (Doc. 11 at 6).

"Generally, monetary expenses incurred in litigation are not considered irreparable harm. However, arbitration is unique in this aspect." *Zaborowski v. MHN Gov't Servs., Inc.*, No. C 12-05109 SI, 2013 WL 1832638, at *2 (N.D. Cal. May 1, 2013). Potentially arbitrable cases present a unique circumstance because "if a party 'must undergo the expense and delay of a trial before being able to appeal an order denying a motion to compel arbitration, the advantages of arbitration – speed and economy – are lost forever,' a loss the Ninth Circuit describes as 'serious, perhaps, irreparable.'" *Winig v. Cingular Wireless LLC*, No. C-06-4297-MMC, 2006 WL 3201047, at *2 (N.D. Cal. Nov. 6, 2006) (quoting *Alascom, Inc. v. ITT North Electric Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984)); *Miles*, 2022 WL 16739566, at *2. Although the district court retains discretion in a case such as this to grant or deny a stay following its consideration of the *Landis* factors, in addressing automatic stay provisions of the Federal Arbitration Act pending appeal of arbitration rulings, the Supreme Court invoked equities that are at issue in the present

context. *See Coinbase, Inc. v. Bielski*, 599 U.S. 736, 743 (2023):

> If the district court could move forward with pre-trial and trial proceedings while the appeal on arbitrability was ongoing, then many of the asserted benefits of arbitration (efficiency, less expense, less intrusive discovery, and the like) would be irretrievably lost – even if the court of appeals later concluded that the case actually belonged in arbitration all along.

*Id*.

In the context of stays pending resolution of a motion to compel arbitration, courts find that the prejudice of delay "is outweighed by the potential prejudice that would result from further litigation of claims which may ultimately be subject to arbitration." *In re Apple iPhone 3G Prods. Liab. Litig.*, No. C 09-02045 JW, 2010 WL 9517400, at *2 (N.D. Cal. Dec. 9, 2010); *Roe v. SFBSC Management, LLC*, No. 14-cv-03616-LB, 2015 WL 1798926, at *4 (N.D. Cal. Apr. 17, 2015) (acknowledging harm from the loss of witnesses, evidence or potential claimants but noting such harm is possible in all cases and not a sufficiently substantial harm to warrant denial of stay without evidence of unusual and particular risk).

Given Plaintiff's lack of opposition to a stay, the Court is unable to meaningfully weigh whether the harm Defendant may experience by proceeding with the action while the motion to compel arbitration remains pending is outweighed by any (unstated) prejudice to Plaintiff. *See Miles*, 2022 WL 16739566, at *3 (noting a court should not be put in a position "to guess at the limitations that would be available if this matter were compelled to arbitration or whether the court should allow broad discovery") (quoting *Mundi*, 2007 WL 23885069, at *6. Accordingly, the Court finds the relative hardships of conducting (or forgoing from undertaking) discovery favors staying the case.

**3.  The Orderly Course of Justice**

In cases where the FAA is implicated, public policy and the orderly course of justice favor staying a civil action that may implicate compelled arbitration. *Zaborowsky,* 2013 WL 1832638, at *3; *Miles*, 2022 WL 16739566, at *3.

Where (as here) there is a tangible concern about the potential for unnecessary expenditure of the parties' (and the Court's) limited resources, a chief consideration for the Court

4

is whether those resources are being used intelligently.  *Roe*, 2015 WL 1798926, at *4 ("Prompt remedies are always preferred. But promptness is not the only goal and, like most ends, must bend to accommodate other concerns.  The main concern here is the potential waste of the litigants' and the court's resources.").

Based on its review of the pleadings, motion papers and a consideration of the competing equites articulated above, the Court finds that the orderly course of justice is best served by granting a stay.  *See Stiener v. Apple Computer, Inc.*, No. C 07-4486 SBA, 2007 WL 4219388, at *1 (N.D. Cal. Nov. 29, 2007); *Galaxia Electronics Co., Ltd. v. Luxmax, U.S.A.*, No. LA CV16-05144 JAK(GJSx), 2017 WL 11566394, at *2 (C.D. Cal. Dec. 28, 2017).

## IV.    Conclusion

For the reasons set forth above,

1.    Defendant's motions to stay (Doc. 11) is GRANTED;

2.    This case is STAYED pending the Court's ruling on Defendant's motion to compel arbitration.  (Doc. 10); and

3.    Within 14 days of entry of the Court's ruling on Defendant's motion to compel arbitration, the parties shall file a joint report setting forth their respective positions regarding continued prosecution and possible scheduling of the case (and the filing of an amended joint scheduling report).

IT IS SO ORDERED.

Dated:   **October 28, 2024**                             _____
                                                         UNITED STATES MAGISTRATE JUDGE